**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 24, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS CARLOS TENA-ARANA,

Defendant - Appellant.

No. 13-1113

(D.C. No. 1:12-CR-00219-MSK-1)

(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.


Defendant Jesus Carlos Tena-Arana was sentenced by the United States

District Court for the District of Colorado to 24 months' imprisonment and three

years' supervised release for unlawful reentry of an alien who had previously

been deported after commission of an aggravated felony. *See* 8 U.S.C. § 1326(a),

(b)(2). He challenges the substantive reasonableness of his sentence. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the party's request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant, a native and citizen of Mexico, was sentenced by a Colorado state court in February 1999 for felony assault and was deported from the United States the next year. He was discovered in the United States in January 2012 when he was arrested in Colorado on drug charges. He then pleaded guilty to the present illegal-reentry charge. With a criminal-history category of IV, Defendant's guideline sentencing range was 24 to 30 months' imprisonment and one to three years' supervised release. Although Defendant moved for a downward variance to a sentence of 15 months' imprisonment, the district court ruled that a sentence within the guidelines range was appropriate under 18 U.S.C. § 3553(a). It sentenced Defendant to 24 months' imprisonment and three years' supervised release.

On appeal Defendant first argues that his sentence of imprisonment is substantively unreasonable because of his resolve to live permanently in Mexico and provide for his family. But a within-guidelines sentence is presumptively reasonable, *see United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010), and Defendant's unremarkable evidence does not overcome that presumption.

Defendant also argues that his term of supervised release is unreasonable because the guidelines instruct that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." USSG § 5D1.1(c) (2012). But the application notes to that

provision state that supervised release can be appropriate to "provide an added measure of deterrence and protection." *Id.* cmt. n.5. It was precisely for such deterrence that the district court imposed supervised release here. Imposition of supervised release was a within-guidelines sentence and, even if not, it was substantively reasonable.

The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge